## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

**JOHN SLATER, LEE ANN CASANOVA,**
**on behalf of themselves and on behalf of**
**all others similarly-situated,**

      **Plaintiffs,**

**v.**

**FIRST GUARANTY MORTGAGE**
**CORPORATION,**

      **Defendant.**
_____/

**CASE NO.:**
**JURY**

## CLASS ACTION COMPLAINT
### (JURY TRIAL DEMANDED)

Plaintiffs, John Slater and Lee Ann Casanova, pursuant to Fed.R.Civ.P. 15(a)(1)(B), file this Class Action Complaint against Defendant First Guaranty Mortgage Corporation ("Defendant") on behalf of themselves and all others similarly-situated.   In sum, Defendant violated the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 et seq. (the "WARN Act") by causing Plaintiffs and the putative class members they seek  to represent to suffer an employment loss, as defined by the WARN Act, without providing sufficient advance written notice.  In further support thereof, Plaintiffs alleges as follows:

## NATURE OF THE ACTION

1.     This action seeks to recover back pay and benefits under the WARN Act to redress a common course of conduct by Defendant which resulted in hundreds of employees suffering an "employment loss," as defined by the WARN Act, as part of a series of mass layoffs without proper legal notice.

2.     Defendant's mass layoffs deprived Plaintiffs and the putative class members "…and their families [of] some transition time to adjust to the prospective loss of employment, to seek and obtain alternative jobs and, if necessary, to enter skill training or retraining that will allow these workers to successfully compete in the job market."  20 C.F.R. § 639.1(a).

3.     Defendant failed to provide Plaintiffs and the putative class members with the advance written notice that is required by the WARN Act.

4.     Defendant will probably argue the layoffs were not foreseeable. However, Defendant was still mandated by the WARN Act to give Plaintiffs and the putative class members "give as much notice as is practicable."  It failed to do so here, giving Plaintiffs no advance written notice of their termination whatsoever.

5.     The crucial date under the WARN Act is not the date when the company knows that a mass layoff is imminent, nor is it the date when the company finally gets around to identifying the exact employees affected by the

mass layoff.  Rather, the WARN Act states plainly that the trigger date is the date when a mass layoff is "reasonably foreseeable."

6.    As soon as it is probable that a mass layoff will occur, the employer must provide notice as soon as is practicable.  Here, upon information and belief, Defendant likely knew several months earlier that a mass layoff was "reasonably foreseeable."

7.    Defendant instituted a mass layoff on June 24, 2022.  Defendant failed to give Plaintiffs and its employees advance written notice that their terminations would be effective immediately.

8.    Those "mass layoffs" resulted in a reduction in force which was not the result of a plant closing and resulted in an employment loss at the single site of employment during any 30-day period for at least 33 percent of the employee (excluding part-time employees; and at least 50 employees (excluding any part-time employees); or (ii) at least 500 employees (excluding any part-time employees).

9.    The date of "employment loss" under 29 U.S.C.A. § 2102(c) is June 24, 2022.

## **JURISDICTION AND VENUE**

10.    This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as well as 29 U.S.C. §§ 2102, 2104(a)(5).

3

11.     Venue in this District is proper under 28 U.S.C. §1391(b) and (c), and Section 2104 of the WARN Act, 29 U.S.C. § 2104(a)(5).

## PLAINTIFFS AND SUPPORTING FACTS

12.     Plaintiff John Slater worked for Defendant since April, 2019, most recently as a recruiting manager assigned to the company's Plano headquarters, before he was abruptly terminated on June 24, 2022.

13.     Lee Ann Casanova worked for Defendant and was assigned to the Company's Plano headquarters before she was abruptly terminated June 24, 2022.

14.     Plaintiffs received no advance notice of their termination.  In fact, on June 24, 2020, Plaintiffs and the putative class members were instructed to log onto a company conference call, during which they were informed of their immediate terminations.

15.     In fact, Defendant filed its WARN Act notice with the State of Texas on that same day.

16.     Simply put, Defendant violated the WARN Act on its face by failing to provide a compliant WARN Act notice once it became reasonably foreseeable Plaintiffs and the putative class members would be terminated.

## THE DEFENDANT

17.     Defendant is an employer as defined by 20 CFR § 639.3, because it employs, or employed, 100 or more employees, including part-time employees,

who in the aggregate work at least 4,000 hours per week, exclusive of hours of overtime.

18.     Defendant's failure to provide its employees with sufficient advance written notice had a devastating economic impact on Plaintiffs and the putative class members.

19.     As a consequence, Plaintiffs and the putative class members are entitled under the WARN Act to recover from the Defendant their respective compensation and benefits for 60-days, no part of which has been paid.

## PUTATIVE CLASSES DEFINED

20.     Specifically, Plaintiffs seeks to certify the following national class:

> **WARN Act Class:**
> All of Defendant's employees who worked at or reported to one of Defendant's facility in the United States, and who suffered an "employment loss" in June, 2022, or in anticipation of, or as the foreseeable consequence of, the mass layoff or plant closings ordered in June, 2022, and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5), who do not file a timely request to opt-out of the class.

## THE WARN ACT CLAIM AND CLASS ALLEGATIONS

21.     At all relevant times, Defendant employed 100 or more employees, exclusive of part-time employees, *i.e.,* those employees who had worked fewer than 6 of the 12 months prior to the date notice was required to be given or who had worked fewer than an average of 20 hours per week during the 90-day period prior to the date notice was required to be given (the "part-time employees"), and

employed 100 or more employees who in the aggregate worked at least 4,000 hours per week exclusive of hours of overtime within the United States.

22.    The "employment loss" in this case occurred on June 24, 2022 as to Plaintiffs and the putative class members.  This "employment loss" resulted in the loss of employment for at least 50 employees, excluding part-time employees, at each of the facilities at issue.

23.    Plaintiffs worked or were assigned to Defendant's headquarters, located at 5800 Tennyson Parkway, Plano, Texas 75024.

24.    The "employment loss" of the employment of persons who worked at these facilities, or as the reasonably foreseeable consequence of those terminations, resulted in the loss of employment for at least 33% of the facilities' respective employees, excluding part-time employees.   In fact, Defendant terminated approximately 80% of its employees on June 24, 2022.  Upon information and belief, over 400 employees were terminated.

25.    Plaintiffs and the putative class members were discharged without cause.

26.    Plaintiffs and the putative class members experienced an employment loss as part of, or as the reasonably expected consequence of, the mass layoffs which occurred on June 24, 2022.

27.    Prior to suffering the above-described loss of employment, Plaintiffs and the putative class members did not receive written notice at least 60-days in advance of the termination of their employment or as much notice as practicable under the circumstances.

28.    Plaintiffs and the putative class members constitute a class, or classes, within the meaning of Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

29.    Each of the putative class members is similarly-situated to Plaintiffs with respect to his or her rights under the WARN Act.

30.    Common questions of law and fact are applicable to Plaintiffs and the putative class members.

31.    The common questions of law and fact arise from and concern the following facts, among others: that all Class members enjoyed the protection of the WARN Act; that all Class members were employees of the Defendant; that the Defendant terminated the employment of all the members of the Class without cause on their part; that the Defendant terminated the employment of the members of the Class without giving them at least 60-days' prior written notice as required by the WARN Act; that the Defendant failed to pay the Class members wages and to provide other employee benefits for a 60-day period following their respective

terminations; and on information and belief, the issues raised by any affirmative defenses that may be asserted by the Defendant.

32.    Plaintiffs' claims are typical of the claims of the other members of the Class in that for each of the several acts of Defendant described above, Plaintiffs and the other Class members are injured parties with respect to his/her rights under the WARN Act.

33.    Plaintiffs will fairly and adequately protect and represent the interests of the Class.

34.    Plaintiffs have the time and their counsel have the resources to prosecute this action.

35.    Plaintiffs retained the undersigned counsel, who have extensive experience litigating employment related class action claims in Federal court.

36.    The Class identified herein is so numerous as to render joinder of all members impracticable in that there are hundreds of members of the National Class.

37.    The questions of law and fact common to the members of the Class predominate over any questions affecting only individual members.

38.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

39.    No Class member has an interest in individually controlling the prosecution of a separate action under the WARN Act.

40.    No other litigation concerning the WARN Act rights of any Class member has been commenced.

41.    Concentrating all the potential litigation concerning the WARN Act rights of the Class members in this Court will avoid a multiplicity of suits, will conserve judicial resources and the resources of the parties, and is the most efficient means of resolving the WARN Act rights of all the Class members.

42.    On information and belief, the names of all the Class members are contained in Defendant's books and records.

43.    On information and belief, a recent residence address of each of the Class members is contained in Defendant's books and records.

44.    On information and belief, the rate of pay and the benefits that were being paid or provided by Defendant to each Class member at the time of his or her termination are contained in Defendant's books and records.

45.    Defendant failed to pay Plaintiffs and the other Class members for the Defendant's violation of the WARN Act in an amount equal to the sum of or any part of the sum of (a) their respective wages, salary, commissions, bonuses and accrued pay for vacation and personal days for the work days in the 60 calendar days prior to their respective terminations and fringe benefits for 60 calendar days

prior to their respective terminations; and (b) their medical expenses incurred during the 60 calendar days from and after the date of his/her termination that would have been covered under the Defendant's benefit plans had those plans remained in effect.

46.    Plaintiffs hereby demand a jury trial of all issues that may be so tried.

## COUNT I – VIOLATION OF THE WARN ACT
### (Class Claim)

47.    Defendant's above actions constitute a violation of the WARN Act.

*WHEREFORE*, Plaintiffs demand judgment as follows:

A.    In favor of Plaintiffs and each other Class member against the Defendant equal to the sum of: (a) wages, salary, commissions, bonuses, accrued pay for vacation and personal days, for 60-days or as otherwise required by the WARN Act; (b) pension, 401(k) contributions, health and medical insurance and other fringe benefits for 60 days; and (c) medical expenses incurred during the 60-day period following their respective terminations that would have been covered and paid under the Defendant's health insurance plans had coverage under that plan continued for such period, all determined in accordance with the WARN Act, 29 U.S.C. § 2104 (a)(1)(A).

B.    Appointment of Plaintiffs as Class Representative;

C.    Appointment of the undersigned as Class Counsel;

D.      In favor of Plaintiffs for their reasonable attorneys' fees and the costs and disbursements of prosecuting this action, as authorized by the WARN Act, 29 U.S.C. § 2104 (a)(6).

E.      Interest allowed by law;

F.      Such other and further relief as this Court deems just and proper.

Dated this 29th day of June, 2022.

**MORGAN & MORGAN, P.A**.

**/s/ *Paul M. Botros***
Paul M. Botros, Esq.
TX Bar No. 24040548
**MORGAN & MORGAN, P.A.**
8581 Peters Road, Suite 4000
Plantation, Florida 33324
Telephone:  (954) 327-5352
Facsimile:  (954) 327-3017
pbotros@forthepeople.com

MARC R. EDELMAN, ESQ.
*(pro hac vice pending)*
Florida Bar No.: 0096342
MORGAN & MORGAN, P.A.
201 North Franklin Street, Suite 700
Tampa, Florida 33602
Telephone:  813-223-5505
Fax:  813-257-0572
MEdelman@forthepeople.com

GREGORY R. SCHMITZ, ESQ.
*(pro hac vice pending)*
Florida Bar No.: 0094694
MORGAN & MORGAN, P.A.
20 North Orange Avenue, Suite 1600
Orlando, Florida 32801
Telephone: (407) 204-2170
Facsimile: (407) 563-9986
E-mail: gschmitz@forthepeople.com